UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CORNELIUS THOMPSON,<br>Plaintiff,<br>v.<br>REAGLE, et al.,<br>Defendants. | CAUSE NO. 3:25-CV-12-JTM-JEM |

OPINION and ORDER

Cornelius Thompson, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983. (DE # 1.) The court must screen this pleading and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. To proceed beyond the pleading stage, a complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Thompson is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Thompson filed this lawsuit when he was an inmate at Westville Correctional Facility ("Westville"). (DE # 1.) He has since been transferred to a different facility. (DE ## 7, 8.) He claims that the conditions in his cell and bathroom at Westville were

unduly dirty and unsanitary. Among other things, there was often standing water and mold in the shower; he was not given adequate cleaning supplies; there was an infestation of mice; he was regularly provided foods that were rotten or stale; the drinking water was dirty and caused him to vomit; and the ventilation system was "clogged with dust, mold, and dead bugs," causing him breathing difficulties. Based on these issues, he seeks money damages from the Commissioner of Indiana Department of Correction, the Warden of Westville, and 33 other defendants.

Under the Eighth Amendment, prisoners cannot be subjected to cruel and unusual punishment. *See Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994). This encompasses the right to adequate food and water. *Thomas v. Blackard*, 2 F.4th 716, 722 (7th Cir. 2021); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). Inmates also have a right to "rudimentary sanitation," which includes an environment free of pest infestations and excessively dirty conditions. *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016). They are also entitled to an environment that is free of excessive health and safety risks. *Sinn v. Lemmon*, 911 F.3d 412, 419 (7th Cir. 2018).

An Eighth Amendment claim has two components: "(1) the harm to which the prisoner was exposed must be an objectively serious one; and (2) judged subjectively, the prison official must have actual, and not merely constructive, knowledge of the risk." *Id.* (citation and internal quotation marks omitted). The second element requires that "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* (citing *Farmer,* 511 U.S. at 833). "Deliberate indifference . . . poses a 'high hurdle and an

exacting standard' requiring 'something approaching a total unconcern for the prisoner's welfare in the face of serious risks.'" *Stockton v. Milwaukee Cty.*, 44 F.4th 605, 615 (7th Cir. 2022) (citation omitted). "[N]egligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to assert an Eighth Amendment violation. *Hildreth v. Butler*, 960 F.3d 420, 426 (7th Cir. 2020).

The court accepts that the conditions described by Thompson about the lack of clean drinking water, mold, pest infestation, lack of proper ventilation, and rotten foods satisfy the objective prong of the inquiry.[1] As to the subjective prong, Thompson's allegations about each of the Defendants' actions is quite general. Rather than explaining what each of the 35 defendants did relative to these issues, he uses boilerplate language listing a host of defendants and asserting that they violated his rights under the Eighth Amendment. Merely "putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened . . . that *might* be redressed by the law" is not enough to state a claim under federal pleading standards. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010).

---

[1] He also asserts that staff did not perform adequate safety checks of inmates, but he does not describe any personal harm he suffered from this practice. It appears he worried about what might happen if there was a fire or other "natural disaster," but "[n]o Federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Likewise, he claims that he was not always given five hours of recreation time outside his cell or three showers per week, but his claims appear to be premised on what is required by prison policy. *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) ("42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or . . . departmental regulations"). He has not plausibly alleged that he was denied the minimal civilized measure of life's necessities with respect to these issues. *See Jaros v. Illinois Dep't of Corr.*, 684 F.3d 667, 671 (7th Cir. 2012) ("limiting inmates to weekly showers does not violate the Eighth Amendment"); *Pearson v. Ramos*, 237 F.3d 881, 884 (7th Cir. 2001) ("We think it a reasonable rule that a denial of [recreation] privileges for no more than 90 days at a stretch is not cruel and unusual punishment.").

Many of the defendants are high-level officials or supervisors, and they cannot be held liable for damages merely because they oversee operations at the prison. *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). It is also not plausible to infer that the IDOC Commissioner, Warden, or other officials personally served Thompson rotten foods or failed to give him adequate cleaning supplies. His assertions that they were generally "careless" in keeping up the prison, or should have done their jobs better, do not support an Eighth Amendment claim. *Hildreth*, 960 F.3d at 426. His allegations about the conditions might state a claim for prospective injunctive relief against one of these officials, *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011), but any such claim is moot now that he is no longer incarcerated at Westville. *See Kifer v. Ellsworth*, 346 F.3d 1155, 1157 (7th Cir. 2003) (prisoner "cannot benefit from an order to improve conditions in a jail in which he is no longer being held" and thus claim for injunctive relief was moot); *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996) ("If a prisoner is transferred to another prison, his request for injunctive relief against officials of the first prison is moot unless he can demonstrate that he is likely to be retransferred.") (citation and internal quotation marks omitted).

As to the non-supervisors, he provides little information about who they are or what, if anything, they did relative to these conditions. Instead he rests on broad

allegations about groups of defendants.[2] This is not sufficient to state a claim under federal pleading standards. *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (allegations that referred to "defendants" collectively without connecting specific defendants to specific acts were insufficient under federal pleading standards); *see also Henderson v. Wall*, No. 20-1455, 2021 WL 5102915, at *1 (7th Cir. Nov. 3, 2021) ("[B]y making allegations about large, indeterminate groups of defendants, [the plaintiff] deprived them all of proper notice of what they were accused of doing."). Additionally, because of the minimal information he has provided, the court cannot plausibly infer that the problems he points to were within each individual defendant's job duties to address. Prisons divide tasks, and prison employees cannot be held personally liable for the "misdeeds" of other prison staff. *Burks*, 555 F.3d at 596.

Therefore, the complaint does not state a claim upon which relief can be granted. "[L]itigants in this circuit are ordinarily given the chance to amend their pleadings once as a matter of course" before a case is dismissed. *Newson v. Superior Ct. of Pima Cnty.*, 784 F. App'x 964, 965 (7th Cir. 2019); *see also Luevano v. Wal-Mart*, 722 F.3d 1014, 1022 (7th Cir. 2013). Thompson will be given an opportunity to file an amended complaint before the case is dismissed.

---

[2] Perhaps the most detail he provides is about "Ms. Johnston," a sanitation worker who was apparently responsible for handing out cleaning supplies to inmates twice a week. He states that she often gave him a "broom & dustpan, green and pink germicide & disinfect[ant]." It appears he also wanted a "scrub pad" and toilet brush. The court cannot conclude that failing to give Thompson a scrub pad or toilet brush on certain dates amounted to deliberate indifference, and there is an insufficient basis in the complaint to infer that Ms. Johnston was responsible for the overarching cleanliness problems he describes.

For these reasons, the court:

(1) GRANTS the plaintiff until **October 30, 2026**, to file an amended complaint; and

(2) CAUTIONS him that if he does not file an amended complaint, this case is subject to dismissal under 28 U.S.C. § 1915A.

**SO ORDERED.**

Date: October 1, 2026

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT